NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PROOFPOINT, INC.; CLOUDMARK, LLC,

Plaintiffs-Appellants,

v.

VADE USA, INC.; et al.,

Defendants-Appellees.

No.    23-16085

D.C. No. 3:19-cv-04238-MMC

MEMORANDUM*

PROOFPOINT, INC.; CLOUDMARK, LLC,

Plaintiffs-Appellants,

v.

VADE USA, INC.; VADE FRANCE, SAS,

Defendants-Appellees,

and

OLIVIER LEMARIÉ,

Defendant.

No.    23-16175

D.C. No. 3:19-cv-04238-MMC

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 12, 2024
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Plaintiffs Proofpoint, Inc. and Cloudmark LLC, which are affiliated cybersecurity companies, brought this action under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., against Vade, a rival company, and Vade's former Chief Technology Officer, Oliver Lemarié. A jury found that Vade and Lemarié had misappropriated Plaintiffs' trade secrets and that Vade's misappropriation was willful and malicious. The jury awarded Plaintiffs approximately $13.5 million in damages for unjust enrichment but zero dollars for actual loss. In these timely appeals, Plaintiffs challenge the district court's denials of their requests for a jury trial on exemplary damages, an adverse-inference instruction, injunctive relief, and attorney's fees. We affirm.

1. The district court recognized that 18 U.S.C. § 1836(b)(3) is ambiguous because it begins by stating that "a court may" grant a list of remedies, some of which (such as an award of attorney's fees) are clearly for the court alone and some of which (such as damages for actual loss) are for the jury. The court then ruled as a matter of law that, for purposes of § 1836(b)(3)(C), which allows an award for exemplary damages, "court" means only the judge and not the jury. The court decided to award no exemplary damages.

2

Plaintiffs argue that "court" means only the jury in that paragraph or, if the statute is ambiguous, that the Seventh Amendment requires a jury trial for exemplary damages. We need not resolve the questions whether such damages are always for the judge or the jury under the statute or, if so, whether the statute would be constitutionally infirm. Assuming, without deciding, that the Seventh Amendment always requires a jury trial for exemplary damages that enhance an award for actual loss, the jury in this case found no actual loss. Where, as here, an award for unjust enrichment rests on disgorgement of the defendant's profits, it is an equitable remedy. See Liu v. SEC, 591 U.S. 71, 80 (2020) ("Decisions from this Court confirm that a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, has been a mainstay of equity courts."). As the Supreme Court recently noted, the Seventh Amendment embraces all suits that are not in equity or admiralty jurisdiction. SEC v. Jarkesy, 144 S. Ct. 2117, 2128 (2024). Thus the Seventh Amendment extends to a statutory claim only if that particular claim is legal in nature, id., which disgorgement is not. Accordingly, any error by the district court is harmless.

2. Because we do not remand the case for a jury trial on exemplary damages, we need not reach Plaintiffs' argument regarding an adverse-inference instruction.

3.  The district court did not abuse its discretion in denying Plaintiffs' motion for a permanent injunction.  See Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1000 (9th Cir. 2008) (stating standard of review).  The court reasonably concluded that Plaintiffs failed to demonstrate an irreparable injury.

4.  The district court did not abuse its discretion in denying Plaintiffs' motion for attorney's fees.  See Jones v. Riot Hosp. Grp. LLC, 95 F.4th 730, 738 (9th Cir. 2024) (stating standard of review).  The court permissibly concluded that Vade's misappropriation of trade secrets, though willful and malicious, was insufficient to require an award of fees.

**AFFIRMED.**